IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Roberto Ron-Ron,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-16-0447-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Petitioner Oscar Roberto Ron-Ron filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") after he had entered a plea of guilty to importation of a controlled substance and was sentenced to 42 months to be followed by a term of supervised release. (CR-15-00562 ("CR") Doc. 29)  He argues that he is entitled to relief because he received poor legal advice, his sentence was excessive, and he did not understand his plea agreement. (Doc. 1 at 5)  As explained below, the Court recommends that this Motion be denied.

## BACKGROUND

    On June 4, 2015, Ron-Ron was found guilty, pursuant to a plea agreement, for importation of a controlled substance. (Doc. 4, Ex. 1)  During his change of plea colloquy, the Court reviewed the terms of his plea agreement. (Doc. 4, Ex. 2)  Ron-Ron confirmed that his plea agreement had been read to him in Spanish, he had understood it,

1  had had enough time to discuss the plea agreement with his attorney, and that his attorney
2  had satisfactorily answered all of his questions about it. (*Id*. at 6:8-16)  He stated that no
3  one had made any promises to get him to enter the plea agreement and he confirmed that
4  no one forced, threatened, or coerced him in any way to enter a plea of guilty. (*Id*. at
5  6:17-22)  He confirmed that he understood the charge against him and the possible
6  penalties and consequences of the charge. (*Id*. at 6:23-8:1)

7  During the plea colloquy, Ron-Ron's attorney told the Court that he had provided
8  Ron-Ron with an estimate of his likely sentence. (*Id.* at 10:8-15)  The Court confirmed
9  that Ron-Ron understood that these estimates were not binding on the Court at
10 sentencing. (*Id*. at 10:16-24)  Ron-Ron confirmed that he understood, and waived, his
11 right to a trial by jury, an appeal, and a collateral attack on his judgment and sentence.
12 (*Id*. at 11:3-21; 13:13-17)  He agreed that he was satisfied with the work his attorney had
13 done for him. (*Id*. at 12:9-12)

14 Ron-Ron also admitted to the factual basis of his plea. (*Id*. at 14:13-15:24)  At the
15 conclusion of the colloquy, the Court found that Ron-Ron had entered into his plea
16 knowingly, voluntarily, and intelligently. (*Id*. at 15:25-16:3)

17 At his sentencing hearing, the Court granted Ron-Ron a two-level downward
18 variance and sentenced Ron-Ron to a term of 42 months to be followed by a three year
19 term of supervised release. (Doc. 4, Ex. 1 at 13-17)  Ron-Ron timely filed this Motion
20 and the government timely responded. (Docs. 1, 4)  Ron-Ron did not reply.

21 **DISCUSSION**

22 In his Section 2255 Motion, Ron-Ron argues that he is entitled to relief because
23 (1) he received "poor or insufficient" legal advice because (a) his sentence did not
24 account for his personal circumstances and (b) he did not file a direct appeal; and (2) he
25 signed a plea agreement without fully understanding it. (Doc. 1 at 4-5)

26 <u>Ineffective Assistance of Counsel</u>.  To prevail on his claims of ineffective
27 assistance of trial counsel, Ron-Ron would have to show that his attorney's performance
28

was deficient and that he was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984).

First, Ron-Ron claims that he received ineffective assistance of counsel because he did not think that his "personal circumstances," namely his addiction to methamphetamine, was "taken into account by the Court." (Doc. 1 at 5)  However, as Ron-Ron acknowledges, the Court read his sentencing memorandum. (*Id.*; Doc. 4, Ex. 1 at 3)  Ron-Ron's counsel argued for a below-guideline sentence because of his addiction, his non-violent history, and his extensive family support. (Doc. 4, Ex. 1 at 7-9)  During sentencing, the Court acknowledged his addiction and his absence of prior criminal history. (Doc. 4, Ex. 1 at 10)  That the Court considered these arguments and did not find them as persuasive as Ron-Ron had hoped is not ineffective assistance of counsel.

Next, Ron-Ron claims that "[b]ecause of poor or insufficient legal advice, I did not present any [appellate] petition." (Doc. 1 at 4)  However, in his plea agreement, Ron-Ron agreed to waive his right to an appeal and, during his plea colloquy, the Court confirmed that he understood he was waiving this right. (Doc. 4, Ex. 2 at 11:3-14)  Ron-Ron's counsel was not ineffective for failing to advise Ron-Ron to file an appeal after he had waived that same right.

*Failure to Understand Plea Agreement*.  Ron-Ron claims that "[b]ecause of my limited English, and my poor knowledge of the laws, I did not fully understand the extent of the [plea] proceedings." (Doc. 1 at 5)  This claim is contradicted by the record and, therefore, fails.

During his plea colloquy, Ron-Ron was assisted by a Spanish language interpreter.[1]  (Doc 4, Ex. 2)  Ron-Ron confirmed to the Court that the written plea agreement was read to him in Spanish, he understood it, his counsel had answered all his questions about it, and he was satisfied with the representation that he had received. (*Id.* at 6, 12)

---

[1] The record reflects that Ron-Ron was similarly assisted by a Spanish language interpreter during his initial appearance, detention and preliminary hearings, arraignment and detention hearings, and at sentencing. (CR Docs. 2, 6, 13, 26)

The representations made by Ron-Ron at the change of plea hearing, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 97 S.Ct. 1621, 1629 (1977). *See also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." (internal quotation marks and brackets omitted)). Instead of attempting to satisfy this high burden, Ron-Ron made only a blanket assertion of a language barrier with no explanation for the direct contradictions between his statements during his plea colloquy and his allegations in his Section 2255 Motion. *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). Accordingly, this claim fails.

**IT IS RECOMMENDED** that Oscar Roberto Ron-Ron's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 25th day of July, 2016.

_____
David K. Duncan
United States Magistrate Judge